**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**WINSTON-SALEM DIVISION**
**Case No. 1:25-cv-979**

| | |
|---|---|
| **JANNA GRANT** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| | ) |
| **ASHLEY FURNITURE INDUSTRIES, LLC** | ) |
| | ) |
| **Defendant.** | ) |

**NOTICE OF REMOVAL**

Ashley Furniture Industries, LLC ("Ashley Furniture") hereby removes this action to the United States District Court for the Middle District of North Carolina pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

**PROCEDURAL HISTORY**

1. On or about September 16, 2025, Plaintiff Janna Grant ("Plaintiff") filed the Complaint against Defendant in the Forsyth County Superior Court of North Carolina.

2. On September 29, 2025, the summons and complaint were served on Ashley Furniture's registered agent for service of process.

**NATURE OF ACTION**

3. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint is attached as Exhibit A. All other documents served on Ashley Furniture in this action are attached as Exhibit B.

4. Plaintiff contends that she was mischaracterized as an independent contractor and was an employee of Defendant. Exhibit A, Complaint, pp. 2-3. Plaintiff's Complaint contends she is pursuing causes of "action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 200e, *et seq.* (Title VII), the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et*

*seq.* (ADEA), and the public policy of North Carolina . . ..” *Id.,* p. 2.

**JURISDICTION**

5. 28 U.S.C. § 1441(a) provides that “any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants.”

6. This Court has “original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States.” 28 U.S.C. § 1332(a).

7. This Court has diversity jurisdiction over this action because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Plaintiff is a North Carolina resident. *Id.* at p. 1.

9. Defendant is a limited liability company organized under the laws of the State of Florida with its principal place of business in Florida. *Id.* No member of the LLC is a citizen of North Carolina.

10. Plaintiff’s Complaint asserts she is seeking “compensatory damages in excess of $100,000,” liquidated damages, punitive damages, pre-judgment interest, and post-judgment interest. *Id.* at pp. 14-15. In addition, Plaintiff’s complaint seeks attorney’s fees and costs. *Complaint,* p. 15. Although the amount of attorney’s fees Plaintiff seeks is not yet known, such fees may be included in this Court’s determination of the amount in controversy. *Francis v. Allstate Ins. Co*., 709 F.3d 362, 368 (4th Cir. 2013).

11. This Court also has jurisdiction over this matter pursuant to 28 USC § 1331 based on Plaintiff’s Title VII and ADEA claims. Federal courts have jurisdiction of an action where a

"federal law creates the plaintiff's cause of action" or if "the case's resolution depends on resolution of a federal question sufficiently substantial to arise under federal law." *Ormet Corp. v. Ohio Power Company*, 98 F.3d 799, 806 (4th Cir. 1996) (citing 28 U.S.C. § 1331).

**REMOVAL IS TIMELY**

12. Removal of this action is timely and proper pursuant to 28 U.S.C. §§ 1441 and 1446. Under 28 U.S.C. §1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise,…" The 30-day period for removal is triggered once service occurs. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). This Notice of Removal is timely filed.

**VENUE IS PROPER**

13. 28 U.S.C. § 1441(a) provides that removal is proper "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). This Court is the United States District Court for the district and division in which the above-referenced state court action is pending, and therefore is the appropriate venue for the removal of this action. *See id.*

**NOTICE TO STATE COURT**

14. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will promptly be provided to Plaintiff, along with the Clerk of the Forsyth County Superior Court.

15. Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief may be granted.

16. Defendant hereby reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant respectfully requests that the above-mentioned litigation, now pending before the General Court of Justice, Superior Court Division, in Forsyth County, North Carolina, be removed to this Court.

Dated: October 29, 2025

Respectfully submitted,

*s/ Kevin J. Dalton*

Kevin J. Dalton (NC State Bar No. 24197)
**FISHER & PHILLIPS LLP**
227 West Trade Street, Suite 2020
Charlotte, North Carolina 28202
(704) 334-4565 Telephone
kdalton@fisherphillips.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**WINSTON-SALEM DIVISION**
**Case No. 1:25-cv-979**

| | |
|---|---|
| **JANNA GRANT** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| | ) |
| **ASHLEY FURNITURE INDUSTRIES, LLC** | ) |
| | ) |
| **Defendant.** | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Notice of Removal was sent via U.S. Mail, postage prepaid, on October 29, 2025, to Plaintiff's counsel:

R. Michael Elliot
Elliot Morgan Parsonage, PLLC
300 E. Kingston Ave, Suite 200
Charlotte, NC 28203

*/s Kevin J. Dalton*
Kevin J. Dalton
Attorney for Defendant