**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JANNA GRANT**

**Plaintiff,**

**V.** **Case No. 8:26-cv-01985-VMC-SPF**

**ASHLEY FURNITURE INDUSTRIES, LLC**

**Defendant.**
**________________________________________/**

**DEFENDANT'S PARTIAL MOTION TO DISMISS AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF**

Defendant Ashley Furniture Industries, LLC ("Ashley" or the "Company"), hereby moves the Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Counts II through V of Plaintiff's Amended Complaint.

Plaintiff alleges claims for: (1) gender discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) retaliation under Title VII; (3) age discrimination under the Age Discrimination in Employment Act ("ADEA"); (4) retaliation under the ADEA; and (5) wrongful termination in violation of North Carolina public policy. The facts alleged are innocuous, conclusory, and fail to state a plausible claim. Accordingly, Plaintiff's claims in Counts II through V must be dismissed under Rule 12(b)(6).

## *STATEMENT OF ALLEGED RELEVANT FACTS*

Plaintiff alleges that she was employed by Ashley starting in 2005, promoted to Senior Marketing Specialist in June 2006, and terminated in November 2023.[1] Compl. at ¶¶ 5, 51. She alleges she was commended for her performance and met or exceeded expectations. *Id.* at ¶ 11.

To support her discrimination claims, Plaintiff alleges that around July 2022, she began reporting to a new supervisor—Ashley's Vice President of Casegoods ("VP")—who was significantly younger and male. *Id.* at ¶ 37. She points to two instances she characterizes as discriminatory. First, during her first substantive meeting with the VP on or about July 12, 2022, he asked about her fiancé's occupation and commented that it "sounded like" she "didn't need to work" given her fiancé's career and income. *Id.* at ¶ 39. She reported this to Ashley's President around August 2022. *Id.* at ¶ 40. Second, on or about January 2, 2023,[2] the VP suggested that because she does not have children and "made enough money," she was in a good place to retire. *Id.* at ¶ 42. Plaintiff told the VP she believed this was discriminatory in an email sent January 7, 2023, and escalated her concerns to Ashley's President approximately two weeks later. *Id.* at ¶¶ 43–44. She alleges that afterwards the VP was "cold and

---

[1] Plaintiff alleges that "her employment was governed by one-year employment contracts that essentially 'auto-renewed' each year" and that "[a]t the time of her termination, her contract extended from January 1, 2023, until December 31, 2023." *Id.* at ¶ 48. These "employment contracts" were consistently titled Independent Contractor Agreements. *See id.* at ¶ 13; Ex. A, IC Agreement. The signatories to the IC Agreements that governed Plaintiff's relationship with Ashley were Ashley and Lakeside Furniture Sales, Inc., Plaintiff's company.

[2] Plaintiff alleges that this occurred in January *2024*. The Company assumes that this date is a typo.

hostile" and "ostracized her." *Id.* at ¶ 46. On or about November 29, 2023, the VP informed Plaintiff that Ashley would not be renewing her contract for 2024. *Id.* at ¶ 51. She alleges her duties were distributed to "substantially younger and/or male colleagues." *Id.* at ¶ 53.

## *MEMORANDUM OF LAW*

Federal Rule of Civil Procedure 12(b)(6) empowers a court to grant a motion to dismiss when a complaint fails to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. Naked assertions devoid of further factual enhancement are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 557). The pleadings are construed broadly, such that all facts pleaded therein are accepted as true, and all reasonable inferences are viewed in a light most favorable to the plaintiff. *See Bryant v. Avado Brands, Inc*., 187 F.3d 1271, 1273 n. 1 (11th Cir. 1999). Dismissal is appropriate if the complaint fails to allege facts regarding an element of the claim necessary to obtain relief. Furthermore, a motion to dismiss should be granted if an affirmative defense or other bar to relief appears on the face of the complaint. *See, e.g.,Prudential*

*Ins. Co. of America v. Baum*, 629 F.Supp. 466 (N.D.Ga. 1986) (quotation marks and citations omitted).

***LEGAL ARGUMENT***

Plaintiff's allegations are insufficient to plausibly allege that the IC Agreement ended due to Plaintiff's age, or due to retaliation. The allegations are conclusory, speculative, and not sufficiently serious to create a plausible claim of discrimination or retaliation. Instead, her allegations—read in the light most favorable to Plaintiff—establish only that Plaintiff's working relationship with Ashley was based on one-year contract, subject to renewal, which Ashley chose not to renew at the end of the 2023 term.

**A. Plaintiff's Allegations are Insufficient to State a Claim for Age Discrimination**

Plaintiff asserts a claim for age discrimination under the ADEA (Count III). To prevail on an ADEA claim, a plaintiff must ultimately prove that age was the "but-for cause" of the adverse action. *See Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009); *see also McCreight v. AuburnBank*, 117 F.4th 1322, 1334 (11th Cir. 2024). At the pleading stage, a plaintiff must allege facts sufficient to make that but-for causation plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While this claim does not require satisfying the *McDonnell Douglas* framework at the pleading stage, the plaintiff must still meet the plausibility standard. *See Henderson v. JP Morgan Chase Bank, N.A.*, 436 Fed. App'x 935, 937 (11th Cir. 2011). Plaintiff's claim for age discrimination falls far short.

Plaintiff's comparator allegations are entirely conclusory and devoid of required factual specificity. She repeatedly alleges that the VP treated "similarly situated substantially younger" employees more favorably, Am. Compl. at ¶ 38, and that her duties were distributed to "substantially younger" colleagues, *id.* at ¶ 53. These are textbook conclusory statements. *See Iqbal*, 556 U.S. at 678; *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). Critically, Plaintiff does not identify a single comparator by name, job title, age, qualifications, territory, or performance history. She does not allege that any specific younger employee was similarly situated in all material respects yet treated more favorably. *See Lewis v. City of Union City*, 918 F.3d 1213, 1224 (11th Cir. 2019) (en banc); *Rhenals v. Federal Express Corp.*, Case No. 1:24-cv-22556-BLOOM, 2024 WL 4665254, at *7 (S.D. Fla. Nov. 4, 2024). Although the full *McDonnell Douglas* framework need not be satisfied at this stage, Plaintiff must still plausibly allege facts suggesting similarly situated comparators. Even her allegation that "at least two of" her replacements were more than fifteen years her junior, Am. Compl. at ¶ 54, fails because she provides no names, qualifications, or basis from which the Court can evaluate whether these individuals were similarly situated. *See Tarnoff v. iSolved, Inc.*, Case No. 6:25-cv-00955-PGB-LHP, 2025 WL 2432529, at *2–3 (M.D. Fla. Aug. 23, 2025); *Polakovic v. University of Miami*, 816 F.Supp.3d 1304, 1313-14 (S.D. Fla. Jan. 20, 2026).

Plaintiff points to only two specific incidents she characterizes as discriminatory. First, she alleges the VP commented that it "sounded like" she "didn't need to work" given her fiancé's income. Am. Compl. at ¶ 39. This comment does not

constitute direct evidence of age discrimination—it references partner income, which does not reveal blatant discriminatory animus without inference or presumption. *See Carter v. City of Miami*, 870 F.2d 578, 582 (11th Cir. 1989) (holding that only the most blatant remarks, whose intent could be nothing other than to discriminate, constitute direct evidence). Second, the VP told her she was "in a good place to retire" *because she* does not have children and has "made enough money." *See* Am. Compl. at ¶ 42. General comments about retirement are not evidence of age discrimination. *See Testa v. GSA Access Group, LLC*, Case No. 8:24-cv-2739-CEH-SPF, 2025 WL 1266716, *4-6 (M.D. Fla. 2025); *Minton v. American Bankers Inc. Group, Inc.*, Case No. 02-12942, 2003 WL 21303330, at *1 (11th Cir. 2003); *Dilla v. West*, 179 F.3d 1348, 1349 (11th Cir. 1999) (holding that an employer's reliance on applicants' higher salary requirements and retirement eligibility in a hiring decision did not, without more, constitute age discrimination). The comment references financial circumstances and childless status—not age. Both comments require the speculative "inferential leaps" that *Twombly* and *Iqbal* prohibit.

Plaintiff's allegation that the VP was "cold and hostile" and "ostracized her" describes subjective perceptions of interpersonal treatment that do not, without more, give rise to a plausible inference of age discrimination. She does not allege specific conduct, specific instances of ostracism, or that the VP's demeanor differed from his treatment of younger employees. *See Henderson*, 436 Fed. App'x at 937 (affirming dismissal where plaintiff alleged only conclusory claims of discrimination without specific factual support).

Accordingly, the Amended Complaint fails to state a plausible claim for age discrimination. The two alleged discriminatory statements are facially neutral, no comparator is identified with requisite specificity, and no causal connection to the adverse action is pleaded. *See Twombly*, 550 U.S. at 555. Where age must be the "but-for cause," *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009), Plaintiff's conclusory allegations fall far short of establishing plausibility. *See Buchanan v. Delta Air Lines, Inc.*, 727 F. App'x 639, 641 (11th Cir. 2018). Count III must be dismissed.

**B. Plaintiff's Allegations are Insufficient to State Claims for Retaliation**

Under both the ADEA and Title VII, Plaintiff must allege that (1) she engaged in protected activity; (2) the employer took a materially adverse action; and (3) a causal connection existed between the two. *Barnett v. Athens Regional Medical Center, Inc.*, 550 F. App'x 711, 714 (11th Cir. 2013)*; Alexander v. Prendergrast*, Case No. 5:18-cv-519-Oc-30PRL, 2019 WL 10817143, *9 (M.D. Fla. Jan. 24, 2019). Plaintiff's retaliation claims fail because she has not alleged a causal connection between her protected activity and the termination decision.

Although establishing a causal connection at the pleading stage is not an onerous burden, a plaintiff must still put forth some allegations of causation, including allegations related to the temporal proximity between the protected activity and the adverse action. *See Santana v. Telemundo Network Group,* LLC, No. 22-13879, 2026 WL 180272, *8 (11th Cir. Jan. 22, 2026). Plaintiff alleges that she reported the VP's comments to the President first in August 2022, Am. Compl. at ¶ 40, and again in approximately late January 2023, *Id.* at ¶ 44. She was not terminated until November

29, 2023. *Id.* at ¶ 51. Nearly nine months passed between her last protected activity and her termination—far exceeding the temporal proximity required. *See Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (three- to four-month gap insufficient); *Higdon v. Jackson*, 393 F.3d 1211, 1220–21 (11th Cir. 2004) (temporal proximity must be "very close") (quoting *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001))). Plaintiff does not allege *any* other direct or circumstantial evidence of retaliatory animus.

Accordingly, Plaintiff has not stated a claim for retaliation, and Counts II and IV must be dismissed.

### C. Plaintiff's Allegations are Insufficient to State a Claim for Wrongful Termination in Violation of NC Public Policy

Plaintiff's wrongful termination claim under North Carolina public policy fails for multiple independent reasons. First, to the extent it is based on the same age-discrimination theory underlying the ADEA claim, it fails for similar reasons because Plaintiff has not adequately alleged that age was the but-for cause of her termination. *See Hughes v. Bedsole*, 48 F.3d 1376, 1384 (4th Cir. 1995); *Alexander v. Carolina Fire Control, Inc.*, 112 F. Supp. 3d 340, 350 (M.D.N.C. 2015).

Second, to the extent the claim is premised on retaliation, "North Carolina does not recognize wrongful discharge claims for retaliation . . . in violation of [N.C. Gen Stat § 143-422.2's] statement of public policy." *Bailey v. Islands Mech. Contractor, Inc.*, 2026 WL 867008, at *14 (E.D.N.C. Mar. 23, 2026) (collecting cases).

Third, Plaintiff cannot maintain a wrongful discharge claim because she alleges a term-of-year contract, Am. Compl. at ¶¶ 48–51, and wrongful discharge in North Carolina "applies only to at-will employees." *Googerdy v. N.C. Agr. & Tech. State Univ.*, 386 F. Supp. 2d 618, 626 (M.D.N.C. 2005); *see also Wagoner v. Elkin City Schs.' Bd. of Educ.*, 440 S.E.2d 119, 125 (N.C. Ct. App. 1994).

Fourth, the IC Agreement contains a Florida choice-of-law provision, Ex. A, which the Court may consider at this stage, *see Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (holding courts may consider documents central to the complaint without converting to summary judgment), foreclosing any claim based on North Carolina public policy. Count V must therefore be dismissed.

WHEREFORE, Defendant Ashley Furniture Industries, LLC respectfully requests that this Court enter an Order:

A. Granting Defendant's Partial Motion to Dismiss Amended Complaint and dismissing Counts II through V of Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure;

B. Awarding Defendant its reasonable costs and attorneys' fees incurred in connection with this action to the extent permitted by applicable law; and

C. Granting Defendant such other and further relief as this Court deems just and proper.

**Local Rule 3.01(g) Certificate**

The undersigned certifies that she has conferred with counsel for Plaintiff via multiple emails transmitted between counsel on August 4-August 5, 2026. Plaintiff opposes the relief sought herein.

Dated: August 5, 2026

Respectfully submitted,

*/s/ Alissa A. Kranz*

Christine E. Howard, Esq.
Florida Bar No. 872229
choward@fisherphillips.com
Alissa A. Kranz, Esq.
Florida Bar: 112050
akranz@fisherphillips.com
FISHER & PHILLIPS, LLP
401 E Jackson Street
Suite 3100
Tampa, Florida 33602
Telephone: (813) 769-7500
Facsimile: (813) 796-7501
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I certify that on August 5, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

R. Michael Elliot, Esq.
Elliot Morgan Parsonage, PLLC
300 E. Kingston Ave.
Suite 200
Charlotte, NC 28203
michaelelliot@emplawfirm.com
*Counsel for Plaintiff*

*/s/ Alissa A. Kranz*
Attorney